[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14456
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 20, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cr-20136-JEM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHEL BARRANCO-MILLARES,
a.k.a. Michael Barranco-Millares,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 20, 2012)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Michel Barranco-Millares appeals the district court's order that he pay $26,827.02 in restitution to the City of Homestead, Florida ("the City"). The restitution amount accounts for Barranco-Millares's theft of electricity and damage to the City's electrical infrastructure that occurred in conjunction with his commission of the offenses of possession with intent to distribute more than 100 marijuana plants, in violation of 21 U.S.C. § 841(a)(1), and using and maintaining a place for manufacturing a controlled substance (a "grow house"), in violation of 21 U.S.C. § 856(a)(1). On appeal, Barranco-Millares argues that the district court (1) erred in finding that the City was a "victim" eligible for receiving restitution, as defined by the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A; and (2) erred in determining the restitution amount. After review, we affirm the district court.

## I.

Barranco-Millares contests the district court's determination that the City is owed restitution. His argument is two-fold. First, Barranco-Millares argues that his offense was not the direct and proximate cause of the electrical costs incurred. Second, he disputes the court's determination that the City is the "victim" liable for the repairs to the electrical infrastructure.

The MVRA defines a victim as "a person directly and proximately harmed

as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663A(a)(2). Barranco-Millares's conviction under 21 U.S.C. § 856(a) is an offense for which restitution may be ordered. *See* 18 U.S.C. § 3663A(c)(1)(A)(ii). In order to show direct and proximate causation, the government "must show not only that a particular loss would not have occurred but for the conduct underlying the offense of conviction, but also that the causal connection between the conduct and the loss is not too attenuated (either factually or temporally)." *United States v. Robertson*, 493 F.3d 1322, 1334 (11th Cir. 2007). The "[d]efendant's conduct need not be the sole cause of the loss, but any subsequent action that contributes to the loss . . . must be directly related to the defendant's conduct." *Id.* We review *de novo* whether an entity is properly classified as a victim under the MVRA, but we review for clear error the factual finding of whether the defendant was the proximate cause of the harm suffered by that entity. *Id.*

The district court found that the diversion and theft of electricity was necessary for the operation of the lamps and air conditioning unit that fostered a proper climate for the marijuana plants to thrive. The district court therefore determined that the City was directly and proximately harmed by Barranco-Millares's offense because it would not have suffered losses—the theft of

3

electricity and the damage to the infrastructure—but for the operation of the grow house. Additionally, representatives from the City testified that the City would be repairing the electrical infrastructure that had been damaged to allow the diversion of the power. Although Barranco-Millares contends that it is possible that the property owner, rather than the City, is responsible for these repairs, he points to no evidence to support this conjecture or to discredit the City's testimony that it will handle the repairs. Therefore, we find no error in the district court's determination that Barranco-Millares was the proximate cause of the harm suffered by the City, and that such harm included both the costs of diverted electricity and the repairs to the electrical infrastructure. We thus find that the City was properly classified as a victim under the MVRA.

## II.

Barranco-Millares next challenges the district court's determination of the restitution amount he owes. The MVRA requires that if the defendant's offense resulted in loss of or damage to property and the return of such property is impossible or inadequate, the defendant must pay the victim "the value of the property on the date of the damage, loss, or destruction." 18 U.S.C. § 3663A(b)(1)(B)(i)(I). We have acknowledged that the determination of the proper restitution amount is an "inexact science." *United States v. Huff*, 609 F.3d 1240,

1248 (11th Cir. 2010). We review the district court's use of a particular measure of value for abuse of discretion and the court's findings as to the specific amount of restitution for clear error. *United States v. Shugart*, 176 F.3d 1373, 1375 (11th Cir. 1999).

The district court heard a substantial amount of testimony from representatives of the City about how the electricity damages were calculated. The City gave detailed explanations regarding its determination of the time frame of the electricity theft, the process of counting the devices using electricity, and the formulas used for calculating the billing rates. The City also explained the repairs that would need to be made to the electrical infrastructure and presented a spreadsheet detailing the projected costs associated with those repairs. Barranco-Millares claims that the costs calculated are speculative but neither points to specific errors in the City's testimony nor advocates an alternate methodology for tabulating costs. We find the district court's reliance on the City's testimony to be reasonable and affirm the district court's reasonable determination of the restitution amount.

**AFFIRMED.**